

# Fourth Court of Appeals
## San Antonio, Texas

February 9, 2017

No. 04-16-00670-CR

Noe **CONTRERAS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-08-14189-CR
Honorable Richard C. Terrell, Judge Presiding

# O R D E R

The clerk's record was filed in this court on November 30, 2016 and includes a Plea Memorandum, reflecting that appellant Noe Contreras pled guilty to two counts of indecency with a child. The record also contains a copy of the Judgment of Conviction, wherein appellant was sentenced to fifteen years confinement in the Texas Department of Criminal Justice – Institutional Division. However, the clerk's record does not contain a copy of the trial court's certification of defendant's right of appeal as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2), (d).

A clerk's record in criminal cases must include the trial court's certification of defendant's right of appeal. TEX. R. APP. P. 34.5(a)(12). Texas Rule of Appellate Procedure 25.2(a)(2) requires the trial court to sign a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Rule 25.2(d) requires the clerk's record to include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). TEX. R. APP. P. 25.2(d). Although this certification "should be part of the record when notice is filed," it "may be added by timely amendment or supplementation under this rule or . . . by order of the appellate court under Rule 34.5(c)(2)." TEX. R. APP. P. 25.2(d); *see also* TEX. R. APP. P. 34.5(c)(2) (explaining that "[i]f the appellate court in a criminal case orders the trial court to prepare and file . . . [a] certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record"). If a certification showing the defendant has the right to appeal is not made part of the record under these rules, the appeal must be dismissed. TEX. R. APP. P. 25.2(d).

We therefore ordered the trial court to sign a certification, if one had not yet been signed, on or before February 6, 2017. We further ordered the Jim Wells County District Clerk to file a supplemental clerk's record containing the signed trial court's certification of defendant's right of appeal **on or before February 14, 2017**. On February 3, 2017, the Jim Wells County District Clerk filed a supplemental clerk's record with a certification signed by the trial court. In the certification, the box "the defendant has waived the right of appeal" was checked. However, the certification was not signed by the defendant, nor did the certification reflect whether a copy of the certification was provided to the defendant. Rule 25.2(d) requires the certification to be signed by the defendant and a copy to be provided to the defendant. Accordingly, the trial court's certification is defective.[1]

We therefore **ORDER** the trial court to correct the defective certification on or before **February 20, 2017**. We further **ORDER** the Jim Wells County District Clerk to file a supplemental clerk's record containing the corrected certification of defendant's right of appeal on or before **March 1, 2017**.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of February, 2017.

Keith E. Hottle
Clerk of Court

---

[1] We recognize that along with the signed certification, the supplemental clerk's record included a letter from the trial court acknowledging that the document would not contain the defendant or his counsel's signature. Nevertheless, the trial court shall utilize whatever means necessary to secure a certification in compliance with Rule 25.2(d).